# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ARTURO HERNÁNDEZ a/k/a DVJ KING ARTHUR,

    **Plaintiff,**

        **v.**

RUBÉN NÚÑEZ a/k/a DJ RED NOISE, *et al.*,

    **Defendants.**

**Civil No.** 17-2208 (FAB)

## OPINION AND ORDER[1]

BESOSA, District Judge.

Before the Court is plaintiff Arturo Hernández a/k/a DVJ King Arthur ("Hernández")'s motion requesting a preliminary injunction against defendants Rubén Núñez a/k/a DJ Red Noise ("Núñez"), Jane Doe, and the conjugal partnership existing between Núñez and Jane Doe ("conjugal partnership"), filed pursuant to the Lanham Act, 15 U.S.C. § 1114, *et seq.*, Federal Rule of Civil Procedure 65(b), and the Puerto Rico Trademark Act, P.R. Laws Ann. tit 10, § 171 *et seq.*, (Docket No. 2.) For the reasons set forth below, Núñez's motion is **DENIED**. This civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) ("Federal Rule 41(b)"), for failure to prosecute.

---

[1] Jeremy S. Rosner, a third-year student at Emory University School of Law, assisted in the preparation of this Opinion and Order.

**I.   Background**

Hernández commenced this action against Núñez, Jane Doe, and the conjugal relationship existing between them on September 14, 2017.  (Docket No. 1.)[2]  Federal Rule of Civil Procedure 4(m) ("Federal Rule 4(m)") required Núñez to serve each defendant by December 14, 2017, three months after Núñez filed the complaint.  See Docket No. 1.[3]  Núñez failed to serve the defendants within the three-month period set forth in Federal Rule 4(m).

On January 24, 2018, Hernández requested an extension of time to serve the defendants.  (Docket No. 12.)  The Court granted Hernández's request, allowing him until March 6, 2018 to serve process on the defendants, six months after he filed the complaint.  (Docket No. 13.)

In January 2018, Hernández commissioned a professional processor to locate Núñez.  (Docket No. 14, Ex. 1.)  The

---

[2] The Clerk of the Court informed Hernández that the complaint failed to comply with Local Civil Rule 3(a), requiring that litigants include a civil cover sheet and category sheet with all complaints.  (Docket No. 3.)  Failure to correct this deficiency within twenty-four hours could have resulted in dismissal.  Id. Hernández submitted the cover sheet and category sheet two months after filing the complaint, on November 16, 2017.  (Docket No. 5.)

[3] Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

processor's attempts to locate Núñez, however, proved unsuccessful. Id. Subsequently, Hernández requested leave from the Court to serve Núñez and the Núñez/Doe conjugal partnership (but not Jane Doe, Núñez's spouse) by publication pursuant to Puerto Rico Rule of Civil Procedure 4.6 ("Puerto Rico Rule 4.6"). (Docket No. 14 at p. 2; citing P.R. Laws Ann. tit. 32, App. III R. 4.6.)[4] The Court granted Hernández's request to serve Núñez and the conjugal partnership by publication. (Docket No. 15.) Accordingly, summons were issued on February 21, 2018 to be published "in a newspaper of general circulation in the Commonwealth of Puerto Rico" pursuant to Puerto Rico Rule of Civil Procedure 4.5 ("Puerto Rico Rule 4.5"). (Docket No. 16, Ex. 1.) Summons were issued to Rubén Núñez and the Conjugal Partnership Composed Between [sic] Núñez and Jane Doe, (but not Jane Doe). The summons provided that "[w]ithin ten (10) days following the publication of the summons, a copy of the complaint shall be mailed

---

[4] Federal Rule of Civil Procedure 4(e) sets forth the manner in which plaintiffs may serve process. Fed. R. Civ. P. 4(e)(2)(a). Hernández may "deliver[] a copy of the summons and the complaint to [Núñez] personally." Alternatively, Hernández may "[f]ollow state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). Puerto Rico Rule of Civil Procedure 4.4 ("Puerto Rico Rule 4.4.") provides the framework for personal service of process within the Commonwealth of Puerto Rico. P.R. Laws Ann. tit. 32 App. III R. 4.4. Absent a waiver of summons, the plaintiff shall serve process "[u]pon a person of legal age, by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by him or appointed by law to receive service of process. Id.

to the defendants by certified mail/return receipt requested, to their last known address." Id.

Hernández published the summons in the San Juan Daily Star, a newspaper of general circulation. (Docket No. 17.) The summons addressed Núñez and the conjugal partnership, but not Jane Doe. Id. Hernández mailed Núñez a copy of the summons and the complaint by certified mail within 10 days of publishing the summons in the San Juan Daily Star. Id. Hernández, however, provided no documentation establishing that Núñez received the summons and the complaint, or that the summons and the complaint were undeliverable.

Núñez did not file an answer. Two months after publication of the summons, Hernández moved for default judgment pursuant to Federal Rule of Civil Procedure 55(a). (Docket No. 19.) The Court denied Hernández's motion for default judgment, noting that service of process in this action was deficient for two reasons. (Docket No. 20.) First, Hernández provided "no evidence in the record showing that the complaint and summons were mailed to the conjugal partnership." Id. Second, Hernández offered no evidence that "Núñez received the complaint and summons by certified mail or that the documents were returned." Id. The Court allowed Hernández until May 14, 2018 to effect proper service of process on all defendants in this litigation, placing Hernández on notice

that failure to serve process properly "may entail dismissal of this case with prejudice."  Id. (citing Fed. R. Civ. P. 41(b)).

Hernández failed to comply fully with the Court's order.  He demonstrated that the summons and compliant addressed to Núñez were returned as undeliverable.  (Docket No. 21, Ex. 1.)  Serving Núñez, but not Jane Doe or the conjugal partnership, however, is insufficient.[5]  Pursuant to Puerto Rico law regarding conjugal partnerships:

> [F]or a court to have jurisdiction over both spouses and the conjugal partnership when all three have been named in a suit, **it is necessary to serve process on each party separately**. . . . A party may not recover from a spouse or from the conjugal partnership unless they have been named in the suit and served with process.

Figueroa v. Valdés, No. 15-1365, 2016 U.S. Dist. LEXIS 39729, at *14-15 (D.P.R. Mar. 24, 2016) (Domínguez, J.) (internal citations omitted) (emphasis added).  Hernández offered no evidence showing that he served process on Jane Doe or on the conjugal partnership.

---

[5] A conjugal partnership pursuant to Puerto Rico law is a marriage where "the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage."  Laws P.R. Ann. tit. 31, § 3621; see Maurás v. Banco Popular de P.R., Inc., No. 16-2864, 2017 U.S. Dist. LEXIS 185574 (D.P.R. Nov. 7, 2017) ("[Plaintiff] never mentioned [the defendant's wife] or the conjugal relationship between [the defendant] and [his wife] in his complaint, other than to state that they are parties.  The Court must assume that his complaint against those parties are due to their relationship with [the defendant], and therefore they must be dismissed as well.") (McGiverin, Mag. J.).

**II. Dismissal for Failure to Prosecute**

Federal Rule 41(b) governs involuntary dismissal for failure to prosecute. Fed. R. Civ. P. 41(b). Federal Rule 41(b) states that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Id. "A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in [Federal Rule of Civil Procedure 41(b)]." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002) (citation omitted). Although "courts unquestionably have power to dismiss cases for want of prosecution," dismissal is a harsh sanction, appropriate only when lesser sanctions are ineffective. See Caribbean Transp. Systems, Inc. v. Autoridad de la Navieras, 901 F.2d 196, 197-98 (1st Cir. 1990) (affirming dismissal for failure to prosecute because the district court "ordered [plaintiffs] to serve their amended complaint on each defendant[, and plaintiffs] failed to do so for an additional seven months").

To determine whether dismissal is appropriate, courts weigh the totality of the circumstances. See Malot v. Dorado Beach

Cottages Assocs. S. en C. por A., 478 F.3d 40, 43-44 (1st Cir. 2007) ("The appropriateness of a particular sanction, [such as involuntary dismissal,] thus depends on the circumstances of the case.") (citation omitted).  The First Circuit Court of Appeals set forth the following considerations:  "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness . . . of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions."  Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) (footnote omitted). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion."  Shell Co. (P.R.) v. Los Frailes Serv. Station, 605 F.3d 10, 26 (1st Cir. 2010).  Here, dismissal without prejudice is an appropriate sanction for Hernández's repeated failure to serve process on Jane Doe and the conjugal partnership.

**III. Dismissal is Appropriate**

The Court dismisses this action without prejudice.  Hernández filed the complaint nine months ago.  See Docket No. 1; Docket No. 21, Ex. 1 (citing Fed. R. Civ. P. 4(m)).  According to Federal Rule 4(m), Hernández should have served process on all defendants in December 2017.  See Fed. R. Civ. P. 4(m).  The Court, however, granted Hernández's request for an extension of time to serve the

defendants by March 2018. (Docket Nos. 12, 13.) Subsequently, the Court provided Hernández a final opportunity to serve defendants by May 2018. (Docket No. 20.) Hernández never served process on Jane Doe or the conjugal partnership.

The summons that Hernández published in the San Juan <u>Daily Star</u> constitutes inadequate service of process for Jane Doe and the conjugal partnership. According to Puerto Rico Rule of Civil Procedure 4.5:

> [t]he court shall issue an order providing for a summons by publication **when the person to be served . . . cannot be located although pertinent attempts have been made to locate him/her** . . . and it is proved to the satisfaction of the court through an affidavit stating the steps taken[.] . . . **[The order shall also provide that, within the ten (10) days following the publication of the summons, the defendant shall be sent a copy of the summons and of the complaint filed, by certified mail[.]]**

P.R. Laws Ann. tit. 32 App. III R. 4.5 (emphasis added). Hernández set forth no evidence that he attempted to serve Jane Doe at all or the conjugal partnership properly. <u>See</u> Docket No. 14, Ex. 1; <u>see</u> <u>Figueroa v. Rivera</u>, 147 F.3d 77, 82-83 (1st Cir. 1998) (affirming dismissal without prejudice because "[i]n the seventeen months that elapsed between the filing of the complaint and the entry of judgment, the record discloses no attempt by the appellants to identify or serve any of the anonymous defendants"). Furthermore, even though the published summons includes the

Núñez/Doe conjugal partnership, there is nothing in the record that shows that a copy of the summons and complaint were mailed to the conjugal partnership.  Consequently, Hernández remains in violation of the Court's April 27, 2018 order to serve defendants by May 14, 2018.  (Docket No. 20.)

The circumstances in this action warrant dismissal without prejudice.  "[T]his court is precluded from exercising jurisdiction over the defendants" without sufficient service of process.  Cichocki v. Mass. Bay Cmty. College, 174 F. Supp. 3d 572, 578 (D. Mass. 2016) (citing Hemispherx Biopharma v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008)).  The Court granted two extensions to serve process, both of which Hernández disregarded.  (Docket Nos. 13, 20); see Malot, 478 F.3d at 44 (repetition of violations were found where counsel repeatedly requested extensions, but still missed court imposed and self-imposed deadlines); Leonhardt v. Aerostar Airport Holdings LLC, 294 F. Supp. 3d 13, 17 (D.P.R. 2018) (Gelpí, J.) (citing Robson, 81 F.3d at 4) ("The mere fact that Plaintiff has consistently ignored the Court's deadlines is sufficient to cause prejudice to

the other side.").⁶ Failure to serve process on Jane Doe and the conjugal partnership impedes the timely progression of this action without good cause.

The Court allotted Hernández ample time serve Jane Doe and the conjugal partnership. Failure to serve process on Jane Doe or to serve the conjugal partnership properly does not constitute "good cause" for untimely service of process. Accordingly, dismissal without prejudice is proper because Hernández has not served two of the three defendants in this action notwithstanding the Court's orders to do so by May 2018.

**IV. CONCLUSION**

For the reasons set forth above, Hernández's motion for a preliminary injunction (Docket No. 2) is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure 41(b) for failure to prosecute. Judgment shall be entered accordingly.

---

⁶ See also HMG Property Investors, Inc. v. Parque Indus. Río Cañas, Inc., 847 F.2d 908, 918 (1st Cir. 1988) (citations omitted) ("[T]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal."); Hollingsworth v. Asociación de Taxi Turístico de P.R., Inc., No. 14-1828, 2015 U.S. Dist. LEXIS 145709, at *2 (D.P.R. Oct. 26, 2015) (Pérez-Giménez, J.) (dismissing action without prejudice because the Court granted plaintiff leave eight months after the complaint was filed to identify unknown defendants, and another two months passed with no action from the plaintiff).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 28, 2018.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE